NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0017n.06

No. 15-3606

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 11, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| LAMAR L. MIDDLETON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Police searched Lamar Middleton's home and seized heroin, cocaine, a scale bearing heroin and cocaine residue, a tool designed to compress heroin, and two loaded Smith & Wesson handguns. They later overheard him lamenting to a friend, "The police raided my house, man. . . . Swear to God, man. They took—took two straps, about five Gs, clocks, the blenders, all that s**t." Middleton pled guilty to conspiracy to distribute heroin and to distribution of cocaine. The district court sentenced him to 151 months in prison after applying an enhancement for possessing a dangerous weapon in connection with drug trafficking. *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2014).

Middleton argues that the district court erred when it applied the dangerous-weapon enhancement, though he acknowledges that the enhancement did not affect his ultimate sentence. *See* Middleton Br. at 8. The government contends that Middleton's appeal is therefore moot. Middleton argues that we should hear his appeal anyway, however, because the enhancement

might affect his "eligibility for programs while incarcerated, including his ability to participate in [a] needed drug program." *Id.*

A defendant who challenges his sentence on appeal "bears the initial burden of showing that the district court relied upon an invalid factor at sentencing, [but] does not have the additional burden of proving that the invalid factor was determinative in the sentencing decision." *Williams v. United States*, 503 U.S. 193, 203 (1992). Thus, we ask first whether the district court committed clear error when it found that Middleton possessed a dangerous weapon in connection with his crimes, not whether his sentence would have been different but for the purported error. *See United States v. Greeno*, 679 F.3d 510, 514 (6th Cir. 2012).

Under section 2D1.1(b)(1) of the U.S. Sentencing Guidelines, a defendant convicted of federal drug-trafficking crimes will receive a two-level sentencing enhancement if he "actually or constructively possessed" a dangerous weapon during the commission of the offense and cannot rebut the presumption that the weapon was connected to the offense. *United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008). The government can prove constructive possession by showing that a defendant had "dominion or control over the item itself, or dominion over the premises where the item is located." *Id.* When a gun is found at a defendant's home, whether the defendant has roommates does not matter because "the law recognizes joint possession." *Id.* Once the government establishes constructive possession, the enhancement applies unless the defendant can show that the weapon was not connected to the offense. *Id.*

Here, police found heroin, cocaine, drug-dealing equipment, and two handguns during a search at Middleton's home. Middleton panicked and told a friend that police had seized "two straps" (guns) and "about five Gs" (grams of heroin) from "my house." Middleton argues now that the guns might have belonged to his roommate. But whether the roommate in some formal

sense owned the guns is beside the point: Middleton had "dominion over the premises" where the gun was found, *id.*, and so he cannot hang possession of the guns on his roommate alone. And he does not argue—he hardly could—that the guns had no connection to the drug-trafficking conspiracy to which Middleton was a party. The district court did not err when it concluded that Middleton had constructive possession of the guns and that the dangerous-weapon enhancement applied.

The district court's judgment is affirmed.